## A98A1953. JOINER et al. v. GOLD KIST, INC.
(514 SE2d 39)

POPE, Presiding Judge.

Gold Kist, Inc., is an agricultural cooperative that ran an egg processing facility in Florida from 1968 until 1989. Arthur Joiner, Jack Wilson and Nelle Wilson were egg producers and members of the cooperative. In 1989, Gold Kist sold the facility to Hillandale Farms. Several cooperative members then sued Gold Kist, but Joiner and the Wilsons did not join in the lawsuit. *Gold Kist v. Wilson*, 227 Ga. App. 848 (490 SE2d 466) (1997) (non-precedential). In 1995, Joiner, Jack Wilson and the estate of Nelle Wilson filed the instant five-count lawsuit. They appeal from the trial court's grant of summary judgment to Gold Kist on four of the counts.

1. In two counts, Joiner and the Wilsons allege fraud by Gold Kist for having promised it would do business with them as long as they performed satisfactorily and for failing to protect their interests when it sold the plant. Joiner and the Wilsons knew of the sale in 1989 and thus should have brought fraud claims based on the sale within four years. The claims, filed six years after the sale, are now barred by the four year statute of limitation. OCGA § 9-3-31.

2. In another count, Joiner claims when he resigned from the cooperative Gold Kist should have paid him $175,000 as his "notified equity." Instead, pursuant to the cooperative's by-laws, Joiner was paid $45,000 as the present discounted value of that equity. The trial court correctly granted summary judgment on this claim because when Joiner left the cooperative he signed a release agreeing with the discounted value payment and releasing Gold Kist from any future claims. Moreover, in *Gold Kist v. Wilson*, 227 Ga. App. at 848-852 (1), this Court concluded that Gold Kist is entitled under its by-laws to pay resigning cooperative members the discounted present value, rather than the full face value, of their notified equity.

3. In the last count, Joiner and the Wilsons claim Gold Kist should have paid them all egg sale profits each year instead of withholding part of the profits as notified equity. The trial court properly granted summary judgment on this claim because Joiner and the Wilsons, like the plaintiffs in *Gold Kist v. Wilson*, gave testimony showing they understood that Gold Kist would not pay them 100 percent of the profits but would withhold a portion of the profits as notified equity in order to run the cooperative.

Accordingly, the trial court did not err in granting partial summary judgment to Gold Kist and the judgment must be upheld.

*Judgment affirmed. Beasley, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 23, 1999.

*Gibson & Spivey, Douglas L. Gibson*, for appellants.
*Alston & Bird, Kenneth D. Steele, Jay D. Bennett, Richard R. Hays, David T. Markle*, for appellee.